*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LANDON JAMES EDWARDS,

       Defendant-Appellant.

UNPUBLISHED
December 18, 2025
2:25 PM

No. 371246
Otsego Circuit Court
LC No. 2022-006434-FH

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

BAZZI, J. (*concurring in the judgment only*).

Because I am bound by this Court's decision in *People v Soto*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 370138), to conclude that the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 777.29851 *et seq*., does not bar defendant Landon James Edwards's felony marijuana conviction under MCL 333.7401(2)(d)(*iii*), I concur in the judgment. However, I write separately to note that I share many of the concerns expressed by Justice Bolden in her dissent in the order denying the application for leave to appeal in *People v Soto*, 22 NW3d 554, 556 (2025) (BOLDEN, J., dissenting), particularly concerning the implications of the differing outcomes between *People v Kejbou*, 348 Mich App 467, 482; 19 NW3d 393 (2023) and *People v Soto*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 370138).

As recognized by Justice Bolden, the "only salient difference between the two cases is the statute under which each defendant was charged: the defendant in *Kejbou* was charged with manufacturing 200 or more marijuana plants, while [the] defendant in . . .[*Soto*] was charged with possession with intent to deliver between 5 and 45 kilograms of marijuana." *Soto*, 22 NW3d at 558. While the *Kejbou* defendant was protected by the MRTMA from felony prosecution for growing more than 200 marijuana plants in an unlicensed setting because cultivation implicates the penalty framework of the MRTMA, *Kejbou*, 348 Mich App at 401-402, it is difficult to harmonize why Soto's cultivation of a similarly substantial amount of marijuana was denied the same protection because the prosecution opted to charge her "with a different, but functionally overlapping, felony." *Soto*, 22 NW3d at 558. The consequence is that charging outcomes for identical conduct turn primarily on prosecutorial discretion, eclipsing the role of legislative or electoral intent in classifying unlawful acts as civil violations, misdemeanors, or felonies. *Id*. As

-1-

observed by Justice Bolden, this disjunction "creates a dual scheme in which nonviolent marijuana conduct explicitly protected by the MRTMA can lead to life-altering criminal penalties if the conduct is characterized as an offense under the [Public Health Code]," *id.*, which is contrary to the act's broader purpose. See *Kejbou*, 348 Mich App at 477 ("The MRTMA joins the [Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*] as initiative-based legislation obviously intended to chip away at the scope and severity of the general marijuana prohibitions that the Legislature put in place in the Public Health Code.")

Further, the narrow textual reading afforded to the MRTMA by the *Soto* Court regarding the application of the act's penalty provisions in MCL 333.27965(4) omits consideration of the MRTMA's governing instruction that a person accused of any of the acts delineated in MCL 333.27965(1) through (4), and is not otherwise permitted by the MRTMA to perpetrate such activities, "may be punished only as provided in this section and is not subject to any other form of punishment or disqualification, unless the person consents to another disposition authorized by law[.]" MCL 333.27965. While the *Soto* Court advanced that "exclusion of possession with the intent to deliver larger quantities of marijuana from the scope of the MRTMA is consistent with one of the specified purposes of the Act, that is to '*prevent the diversion of marihuana to illicit markets,*'" *Soto*, ___, Mich App at ___; slip op at 6, quoting MCL 333.27952, the *Kejbou* matter similarly involved a large-scale commercial grow operation and the panel still held that the MRTMA was applicable, see generally *Kejbou*, 348 Mich App 467. Moreover, if the aim is to curb the diversion of marijuana into illicit markets, then cultivation, possession, and delivery each play comparable roles in the process. It is thus difficult to see how permitting prosecutors to pursue harsher penalties on one act over another, based solely on how the underlying conduct is classified, meaningfully advances that stated objective. Beyond that, as provided in *Kejbou*, "MCL 333.27965(4) does not differentiate between commercial and personal use for purposes of identifying the proper penalty, and again, nothing in the MRTMA at large suggests that the statute gives way to the Public Health Code if a defendant is found in possession of an unlawful amount of marijuana." *Kejbou*, 348 Mich App at 481.

As demonstrated by the present case, if Edwards was prosecuted under § 15 of the MRTMA for possessing with the intent to deliver more than twice the amount of marijuana permitted by § 5, he would be subject to misdemeanor penalties and would further be subjected to incarceration only if the violation was "habitual, willful, and for a commercial purpose," or if the conduct "involved violence." MCL 333.27965(4). However, because *Soto* "permits felony prosecution under Article 7 for conduct that, under the reasoning of *Kejbou*, would appear to fall within the misdemeanor penalty framework of the MRTMA," *Soto*, 22 NW3d at 558, Edwards, and other similarly-situated defendants, will remain subject to harsh criminal consequences for nonviolent conduct that should fall within the MRTMA's safe harbor.

In addition, "the confusion created by the intersection of the [Public Health Code] and the MRTMA, and the possibly disparate interpretations reached by two published Court of Appeals opinions," indicates that the Michigan Supreme Court should address the matter. *Soto*, 22 NW3d at 555. In the alternative, and as noted by Justices and Judges of our appellate courts—despite their divergent interpretations of the MRTMA—the Legislature "can and should amend the MRTMA and the [Public Health Code] to reconcile their provisions to clarify when, if ever, nonviolent marijuana possession can result in a felony prosecution." *Id.* at 560. See also *People v Kejbou*, 513 Mich 1062, 1066 (2024) (WELCH, J., concurring); *Kejbou*, 348 Mich App at 406

(REDFORD, J., concurring). The Legislature may additionally examine whether enacting "safe-harbor thresholds that allow for proportional penalties and prevent the recriminalization of nonviolent marijuana-related conduct that exceeds the MRTMA's limits in good faith" is appropriate. *Soto*, 22 NW3d at 560. Pending either legislative amendment or consideration of the issue by our Supreme Court, the clashing frameworks of the MRTMA and the Public Health Code will continue to expose persons to severe and outdated penalties for technical noncompliance with the MRTMA, despite the intention of the people of this State to decriminalize marijuana-related conduct. *Id*.; see also *Mothering Justice*, ___ Mich at ___; slip op at 12. Despite the foregoing concerns, because this Court's holding in *Soto* governs this case, see MCR 7.215(J)(1), Edwards's convictions, however inequitable, were not legally erroneous.

/s/ Mariam S. Bazzi